Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Counsel for Plaintiff Rokas Beresniovas

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**CV 10 453**

| | |
|---|---|
| ROKAS BERESNIOVAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION; SONY OPTIARC AMERICA, INC.; SONY OPTIARC, INC.; HITACHI, LTD.; LG ELECTRONICS, INC.; HITACHI-LG DATA STORAGE, INC.; TOSHIBA CORPORATION; SAMSUNG ELECTRONICS CO., LTD.; and TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION.<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Rokas Beresniovas ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against the Defendants named herein for treble damages, injunctive relief and cost of suit under the antitrust laws of the United States, Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1 ("Sherman Act") and Section 4 of the Clayton Antitrust Act of 1914, 15 U.S.C. § 15 ("Clayton Act"). The allegations herein are made on information and belief, except those as to Plaintiff which are made with personal knowledge.

1

## NATURE OF THE ACTION

1.      This action is brought on behalf of a class ("Class") consisting of all persons and entities who purchased optical disk drives ("Optical Disk Drives") (which are described further below) and products containing optical disk drives (collectively, "Optical Disk Drive Products") directly from the named Defendants in the United States during the period from approximately January 18, 2001 through the present (the "Class Period").  It alleges a conspiracy among Defendants and their co-conspirators, which had the purpose and effect of fixing, raising, maintaining, and stabilizing artificially the price at which Optical Disk Drives and Optical Disk Drive Products were sold in the United States.

2.      Defendants are the leading manufacturers of Optical Disk Drives, which are utilized in computers and many consumer appliances such as CD players, CD-ROMs, CD-Rs, DVD players, DVD recorders and other electronic devices. Defendants control the majority of the optical disk drives industry which annually generates worldwide revenues in excess of $8 billion. As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class paid artificially inflated prices for Optical Disk Drives and Optical Disk Drive Products during the Class Period. Such prices exceeded the amount they would have paid if the price for Optical Disk Drives and Optical Disk Drive Products had been determined by a competitive market.

## JURISDICTION AND VENUE

3.      This action arises under Section 1 of the Sherman Act and Section 4 of the Clayton Act.

4.      Jurisdiction of this Court is founded on Sections 4 and 16 of the Clayton Act, 15 U.S.C. § 15, 26 for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and on 28 U.S.C. § 1331, 1337.

1    5.    Venue as to Defendants is proper in this district pursuant to 15 U.S.C. § 15(a), 22,

2  8 and 28 U.S.C. § 1391(b), (c), in that more than one Defendant resides in the judicial district, is

3  licensed to do business and/or is doing business in this judicial district. The interstate trade and

4  commerce described herein has been carried out, in part, within this district.

5                                    **PARTIES**

6                                    **Plaintiff**

7    6.    Plaintiff Rokas Beresniovas is a resident of Montgomery County, Maryland.

8  During the Class Period, Plaintiff purchased Optical Disk Drive Products directly from one or

9  more Defendants or their controlled subsidiaries. As a result of the conspiracy, Plaintiff has been

10  economically injured in that the prices it has paid for Optical Disk Drive Products have been

11  artificially raised to anti-competitive levels by Defendants.

12                                    **Defendants**

13    7.    Defendant Sony Corporation is a business entity organized under the laws of

14  Japan, with its principal place of business located at 1-7-1, Konan, Minato-Ku, TKY 108-0075,

15  Japan. During the Class Period, Sony manufactured, sold and/or distributed Optical Disk Drive

16  Products throughout the United States.

17    8.    Defendant Sony Optiarc America, Inc., formerly known as Sony NEC Optiarc,

18  Inc., is a wholly owned subsidiary of Sony Optiarc, Inc. (which is in turn the wholly owned

19  subsidiary of Sony Corporation) is a Delaware corporation with its principal place of business

20  located at 1730 N. First Street, San Jose, California 95112.  It was established originally as a

21  joint venture in April 28, 2006 before Sony announced that it would take over NEC's 45% share

22  on September 11, 2008. During the Class Period, Sony Optiarc America manufactured, sold

23  and/or distributed Optical Disk Drive Products throughout the United States.

9. Defendant Sony Optiarc, Inc. is the parent corporation of Sony Optiarc America, Inc. and is a business entity organized under the laws of Japan, with its principal place of business located at 4-16-1 Okata, Atsugi-shi, Kanagawa, 243-0021 Japan. During the Class Period, Sony Optiarc manufactured, sold and/or distributed Optical Disk Drives and Optical Disk Drive Products throughout the United States.

10. Defendants Sony Corporation, Sony Optiarc America, Inc. and Sony Optiarc, Inc. are referred to individually and collectively herein as "Sony."

11. Defendant Hitachi, Ltd., is a business entity organized under the laws of Japan, with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280 Japan. Hitachi, Ltd. controls an integrated global enterprise comprised of itself and other entities including Defendant Hitachi-LG Data Storage, Inc. During the Class Period, Hitachi, Ltd., manufactured, sold and/or distributed Optical Disk Drives and Optical Disk Drive Products throughout the United States.

12. Defendant LG Electronics, Inc. ("LG") is a business entity organized under the laws of Korea, with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea. LG controls an integrated global enterprise comprised of itself and other entities including Defendant Hitachi-LO Data Storage, Inc. During the Class Period, LG manufactured, sold and/or distributed Optical Disk Drives and Optical Disk Drive Products throughout the United States.

13. Defendant Hitachi-LG Data Storage, Inc. is a business entity organized under the laws of Japan with its principal place of business at located at 4F MSC Center Building, 22-23 Kaigan 3-Chome, Tokyo, Japan. Hitachi-LG Data Storage, Inc. is a joint venture formed in January 2001 and is owned 51% by Defendant Hitachi and 49% by Defendant LG. During the

1  Class Period, Hitachi-LG Data Storage, Inc. manufactured, sold and/or distributed Optical Disk

2  Drives and Optical Disk Drive Products throughout the United States.

3          14.     Defendant Toshiba Corporation ("Toshiba") is a business entity organized under

4  the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku,

5  Tokyo 105-8001, Japan. Toshiba Corp. controls an integrated global enterprise comprised of

6  itself and other entities including Defendant Toshiba Samsung Storage Technology Corp. During

7  the Class Period, Toshiba Corporation manufactured, sold and/or distributed Optical Disk Drives

8  and Optical Disk Drive Products throughout the United States.

9          15.     Defendant Samsung Electronics Co. Ltd. ("Samsung") is a business entity

10  organized under the laws of South Korea, with its principal place of business at Samsung Main

11  Building 250-2, Taepyung-ro Chung-gu, Seoul, Korea. Samsung controls an integrated global

12  enterprise comprised of itself and other entities including Defendant Toshiba Samsung Storage

13  Technology Corp. During the Class Period, Samsung manufactured, sold and/or distributed

14  Optical Disk Drives and Optical Disk Drive Products throughout the United States.

15          16.     Defendant Toshiba Samsung Storage Technology Corp. is a business entity

16  organized under the laws of Japan with its principal place of business located at 1-1,Shibaura 1-

17  Chome,Minato-ku,Tokyo 105-8001, Japan. Toshiba Samsung Storage Technology Corp. is a

18  joint venture formed in 2004 and owned 51% by Defendant Toshiba and 49% by Defendant

19  Samsung. During the Class Period, Toshiba Samsung Storage Technology Corp. manufactured,

20  sold and/or distributed Optical Disk Drives and Optical Disk Drive Products throughout the

21  United States.

22          17.     On information and belief, other partnerships, corporations, or other business

23  entities, unknown to Plaintiff, are co-conspirators with Defendants in their unlawful restraint of

1    trade. These other co-conspirators have facilitated, adhered to, participated in, and/or

2    communicated with others regarding the conspiracy.

3       18.     The conduct alleged herein was Defendants' conduct or actions ordered or done

4    by Defendants' officers, agents, employees, or representatives, while engaged in the usual

5    management of Defendants' business.

6

7                           **CLASS ACTION ALLEGATIONS**

8       19.     Plaintiff brings this action both on behalf of himself and as a class action pursuant

9    to Federal Rules of Civil Procedure, Rule 23(a) and (b) (3), on behalf of the following class (the

10    "Class").

11

12            All individuals and entities who, during the period from approximately
January 2001 through the present (the "Class Period"), purchased Optical

13            Disk Drives or Optical Disk Drive Products in the United States directly
from the defendants or their subsidiaries. Excluded from the Class are

14            defendants and their parents, subsidiaries, affiliates, all governmental
entities, and co-conspirators.

15       20.     The Class is so numerous that joinder of all members is impracticable. Due to the

16

17    nature of the trade and commerce involved, Plaintiff believes that the members of the Class are

18    geographically dispersed throughout the United States, and that joinder of all Class members

19    would be impracticable. While the exact number of Class members is unknown to Plaintiff at this

20    time, Plaintiff believes that there are, at least, thousands of members of the Class and that their

21    identities can be learned from Defendants' books and records.

22       21.     Plaintiff's claims are typical of the claims of the other members of the Class.

23    Plaintiff and the members of the Class purchased Optical Disk Drives or Optical Disk Drive

24    Products at artificially maintained, non-competitive prices established by the actions of

25

26    Defendants and their unnamed co-conspirators in connection with the restraint of trade alleged

27    herein. Plaintiff and the members of the Class have all sustained damage in that they paid

28

1    inflated prices for Optical Disk Drive Products due to Defendants' conduct in violation of federal

2    law as complained of herein.

3          22.    Plaintiff will fairly and adequately protect the interests of the members of the

4    Class and has retained counsel competent and experienced in class action and antitrust litigation.

5          23.    Defendants have acted or refused to act on grounds generally applicable to the

6    class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

7

8    respect to the Class as a whole.

9          24.    Common questions of law and fact exist as to all members of the Class and

10   predominate over any questions solely affecting individual members of the Class. Among the

11   questions of law and fact common to the Class are:

12

13        a.   Whether Defendants engaged in a contract, combination or conspiracy among

14             themselves to fix, maintain, or stabilize the price of Optical Disk Drives and

15             Optical Disk Drive Products sold in the United States;

16        b.   Whether the conduct of Defendants caused the prices of Optical Disk Drives and

17             Optical Disk Drive Products to be artificially inflated;

18        c.   Whether Defendants' conduct caused injury to the members of the Class and, if

19             so, the proper measure of damages; and

20        d.   Whether Defendants undertook actions to conceal the unlawful contract,

21             combination or conspiracy described herein.

22

23        25.    A class action is superior to other available methods for the fair and efficient

24   adjudication of this controversy since joinder of all Class members is impracticable. The

25   prosecution of separate actions by individual members of the Class would impose heavy burdens

26   upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications

27   of the questions of law and fact common to the Class. A class action would achieve substantial

28

7

economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

## INTERSTATE TRADE AND COMMERCE

26.     Throughout the Class Period, Defendants sold and shipped substantial quantities of Optical Disk Drives and Optical Disk Drive Products in a continuous and uninterrupted flow of transactions in interstate commerce throughout the United States, including in this District. The unlawful activities of Defendants that are the subject of this Complaint were within the flow of, and have had a direct and substantial effect on interstate trade and commerce.

## FACTS

### The Optical Disk Drives Market

27.     An optical disk drive is a disk drive that uses laser light or electromagnetic waves as part of the process of reading or writing data to or from optical disks.  Optical disks are flat, usually circular disks which encode binary data in the form of microscopic pits.  Common types of optical disks are CDs, DVDs, and Blu-Ray disks.

28.     Some drives can only read from disks, but other recent drives are commonly both readers and recorders. Recorders are sometimes called "burners" or "writers."

29.     Optical disk drives have been in common use in computers since the 1990s, and today are a standard product in virtually every computer sold in the United States.

30.     Throughout the Class Period, the market for optical disk drives has been in a constant state of growth.  Reports indicate that worldwide optical disk drives shipments increased at an annual rate of approximately 10% between 2002 and 2007, and that over 300 million were shipped in 2007.  Between 2004 and 2008, optical disk drives shipments generated over $45 billion in revenues worldwide.

//

CLASS ACTION COMPLAINT

**The Optical Disk Drives Market is Conducive to Collusion**

31.     The structure of the Optical Disk Drives market is conducive to a secret price fixing agreement, making collusion particularly attractive in this specific market.

32.     The market is highly concentrated, and this concentration has been more pronounced because of significant consolidation, cross-licensing agreements and joint venture collaborations among optical disk drives manufacturers.  For example, Hitachi-LG Data Storage, Inc. is a joint venture between Defendants Hitachi and LG Electronic.  Similarly, in 2004, Defendants Toshiba and Samsung consolidated their optical disk drive divisions to form Toshiba Samsung Storage Technology Corp.

33.     The market for the manufacture and sale of Optical Disc Drives and Optical Disk Drive Products is subject to high manufacturing and technological barriers to entry.  Optical Disk Drives and Optical Disk Drive Products are also subject to technological advances, so that firms within the industry must undertake significant research and development expenses.

34.     During the Class Period, Defendants belonged to trade and business organizations that focused on Optical Disk Drives and Optical Disk Drive Products, such as the Optical Storage Technology Association ("OTSA") and the International Symposium of Optical Memory ("ISOM").

35.     The Optical Disk Drives industry has been typified by standardization of disks and standardized product specifications.  As a result of this standardization, Optical Disk Drives are commodity products, and buyers make decisions to purchase such products based largely, if not exclusively, on price.

**Defendants' Illegal Price Fixing Conduct**

36.     Commencing on or about January 2001, the exact date being unknown, Defendants entered into a conspiracy, which had the purpose and effect of fixing, raising,

9

1    maintaining and stabilizing the price of Optical Disk Drives and Optical Disk Drive Products at

2    artificially inflated levels.

3           37.    News reports indicate that the United States Department of Justice has launched a

4    criminal antitrust probe into the market for Optical Disk Drives in recent months, investigating

5

6    possible price-fixing, bid-rigging and allocation of markets.  Those same reports also indicate

7    EU and Singaporean antitrust authorities were conducting similar investigations.

8           38.    On October 23, 2009, Sony Corporation disclosed the following in a Form 6K it

9    filed with the SEC:

10           Sony Corporation said today that its U.S. subsidiary, Sony Optiarc America Inc.,
             has received a subpoena from the U.S. Department of Justice (DOJ) Antitrust
11           Division seeking information about its optical disk drive business. Sony
             understands that the DOJ and agencies outside the United States are investigating
12           competition in optical disk drives.

13

14           39.    On October 26, 2009, news sources reported that other companies, including

15    Toshiba, Hitachi, Samsung and LG have received DOJ subpoenas. According to one of the news

16    articles, an unnamed "source said the department began the probe in recent months, investigating

17    disk-drive makers for possible price-fixing, bid-rigging and allocation of markets."

18           40.    On October 27, 2009, Hitachi Ltd. and Toshiba Corporation confirmed that, like

19    Sony Corporation, their optical disk drive operations in the United States received subpoenas

20

21    from the U.S. Department of Justice in a widening investigation into potential antitrust

22    violations.

23           41.    On October 27, 2009, a United States DOJ spokeswoman, Gina Talamona

24    confirmed that "[t]he antitrust division is investigating the possibility of anticompetitive

25    practices in the optical disc drive industry."

26    //

27    //

28

## HISTORY OF COLLUSION

42.     Many of the Defendants named herein, have a long history of collusion, and are either currently involved in worldwide investigations into other technology-related products, or have admitted to participating in cartels involving technology-related products.

43.     For example, several of the Defendants named herein have been implicated in a worldwide price fixing conspiracy for thin film transistor liquid crystal displays ("TFT-LCD"). On December 15, 2008, a subsidiary of Defendant LG Electronics, Inc. pled guilty to participating in a conspiracy involving TFT-LCD and agreed to pay a $400 million fine. On May 22, 2009, a subsidiary of Defendant Hitachi, Ltd. pled guilty to participating in a conspiracy involving TFT-LCD and agreed to pay a $31 million fine. Although it has not been publicly acknowledged by Samsung, it is widely believed that Defendant Samsung Electronics Co. Ltd. is in the DOJ leniency program with respect to the DOJ's investigation into the market for TFT-LCD, meaning that it has admitted its participation in the cartel. The TFT-LCD investigation is ongoing, and Toshiba Corporation, as well as other entities, remain under investigation. Such criminal investigation is being conducted by the San Francisco office of the DOJ's Antitrust Division.

44.     Further, in 2005, Defendant Samsung Electronics Company, Ltd. agreed to plead guilty to participating in a price-fixing conspiracy involving dynamic random access memory ("DRAM"), As part of its guilty plea, Samsung agreed to pay a fine of $300 million.

## ANTITRUST INJURY TO PLAINTIFF AND THE CLASS

45.     On or about January 2001, the exact date being unknown to Plaintiff, Defendants entered into a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. These activities included the following:

a.  Participating in meetings and conversations to discuss the price of Optical Disk Drives and Optical Disk Drive Products sold in the United States;

b.  Agreeing during those meetings and conversations to charge prices at specified levels and otherwise to fix, increase, stabilize and/or maintain prices of Optical Disk Drives sold in the United States;

c.  Selling Optical Disk Drives and Optical Disk Drive Products at the agreed upon prices; and

d.  Selling Optical Disk Drives and Optical Disk Drive Products to various customers throughout the United States at artificially inflated prices.

46.  The conspiracy alleged herein had and is having the following effects, among others:

a.  Prices charged to Plaintiff and the Class for Optical Disk Drives and Optical Disk Drive Products have been raised, fixed, maintained or stabilized at artificially inflated, non-competitive levels;

b.  Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Optical Disk Drives and Optical Disk Drive Products; and

c.  Competition in establishing the prices paid in the United States and worldwide for Optical Disk Drives and Optical Disk Drive Products has been unlawfully restrained, suppressed and eliminated.

47.  By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiff and the members of the Class have sustained injury. As a direct result of Defendants' conduct, the injury sustained by Plaintiff and the Class is the payment of

CLASS ACTION COMPLAINT

supracompetitive prices for Optical Disk Drives and Optical Disk Drive Products. This is an

antitrust injury of the type that the federal laws were meant to punish and prevent.

## **FRAUDULENT CONCEALMENT**

48.     Throughout and beyond the conspiracy, Defendants and their co-conspirators

affirmatively and actively concealed their unlawful conduct from Plaintiff.  Defendants and their

co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of

their higher-level executives.  Defendants and their co-conspirators publicly provided pre-textual

and false justifications regarding their price increases.  Defendants and their co-conspirators

conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts

in furtherance thereof, and actively concealed their activities through various other means and

methods to avoid detection.  Plaintiff did not discover, and could not have discovered through

the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the

antitrust laws as alleged herein until shortly before this class action litigation was commenced.

49.     As a result of the active concealment of the conspiracy by Defendants and their

co-conspirators, any and all applicable statutes of limitations otherwise applicable to the

allegations herein have been tolled.

50.     Moreover, by its very nature, Defendants' price fixing conspiracy was inherently

self-concealing. The optical disk drives industry is not exempt from antitrust regulation, and

thus, before October 26, 2009, Plaintiff reasonably considered it to be a well-regulated

competitive industry.

//

//

//

//

CLASS ACTION COMPLAINT

# COUNT I

## VIOLATION OF SECTION 1 OF THE
## SHERMAN ACT AND SECTION 4 OF THE CLAYTON ACT

51.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

52.    Defendants entered into and engaged in a contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

53.    The contract, combination or conspiracy has resulted in an agreement, understanding or concerted action between and among Defendants in furtherance of which Defendants instituted, fixed, maintained, raised or stabilized prices for Optical Disk Drives and Optical Disk Drive Products. Such contract, combination, or conspiracy constitutes a per se violation of the federal antitrust laws and is an unreasonable and unlawful restraint of trade.

54.    Defendants' contract, combination, agreement, understanding or concerted action occurred in or affected interstate and international commerce. Defendants' unlawful conduct was through mutual understandings or agreements by, between and among Defendants.

55.    The contract, combination or conspiracy has had the following effects:

    a.   Prices charged to Plaintiff and the class for Optical Disk Drives and Optical Disk Drive Products were raised, fixed, maintained or stabilized at higher, artificially inflated, non-competitive levels;

    b.   Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Optical Disk Drives and Optical Disk Drive Products; and

CLASS ACTION COMPLAINT

c.   Competition in establishing the prices paid for Optical Disk Drives and Optical Disk Drive Products has been unlawfully restrained, suppressed and eliminated.

56.   As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid higher prices for Optical Disk Drives and Optical Disk Drive Products than they otherwise would have paid in the absence of the unlawful conduct of Defendants.

## DEMAND FOR JURY TRIAL

57.   Plaintiff demands a jury trial as to all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

A.   That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be certified as a class representative and Plaintiff's counsel be appointed as counsel for the Class;

B.   That the unlawful contract, combination or conspiracy alleged in Count I be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Sections 1 and 14 of the Sherman Act;

C.   That Plaintiff and the Class recover damages, as provided by law, determined to have been sustained as to each of them, in an amount to be trebled in accordance with the antitrust laws, and that judgment be entered against Defendants on behalf of Plaintiff and of the Class;

D.   That Plaintiff and the Class recover treble damages, as provided by law;

E.   That Plaintiff and the Class recover their costs of the suit, including attorneys' fees, as provided by law; and

F.   For such other and further relief as is just under the circumstances.

CLASS ACTION COMPLAINT

1   Dated:  February 1, 2010

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: _Mark Punzalan_
      Mark Punzalan

Rosemary M. Rivas
100 Bush St., Suite 1450
San Francisco, California 94104
Telephone:  (415) 398-8700
Facsimile:  (415) 398-8704

Douglas G. Thompson
Richard M. Volin
Karen J. Marcus
Michael G. McLellan
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street, NW
Washington, D.C. 20007
Telephone:  (202) 337-8000
Facsimile:  (202) 337-8090

James B. Wilcox, Jr.
**James B. Wilcox, Jr., P.L.L.C.**
2900 P Street, N.W.
Washington DC 20007

Counsel for Plaintiff Rokas Beresniovas

CLASS ACTION COMPLAINT